UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER M. MURPHY and
BARBARA CAMILLI,
                                                                         REPORT & RECOMMENDATION
                      Plaintiffs,                 and DECISION & ORDER

                v.                                       18-CV-6628FPG

BRYAN MAGGS, et al.,

                    Defendants.
_____

**PRELIMINARY STATEMENT**

On August 31, 2018, *pro se* plaintiffs Christopher M. Murphy and Barbara Camilli (collectively, "plaintiffs") commenced this action pursuant to 42 U.S.C. § 1983 against the County of Chemung (the "County"), Chemung County Attorney Bryan Maggs, and the City of Elmira (the "City") and its employees Matthew Buzzetti and Joseph Martino (collectively, the "City defendants").[1]  (Docket # 1).  The complaint alleges various constitutional claims arising from events that occurred on September 2, 2015.  (*Id.*).

On that date, several of the defendants entered plaintiffs' residence in Elmira, New York, removed them from the residence, and handcuffed and transported them to the Elmira police station.  (Docket # 1 at ¶¶ 27-31).  According to plaintiffs, defendants acted pursuant to a letter from Maggs authorizing the City and its employees to enter the property, which Maggs contended was owned by the County as a result of foreclosure, and to arrest any trespassers found inside.  (*Id.* at ¶¶ 38, 56).  Plaintiffs maintain that they were held at the police station for

---

[1] The complaint also named five John Doe defendants, who are identified as City police officers.  (Docket # 1).

approximately one hour and then issued appearance tickets for trespass. (*Id.* at ¶ 31). Initially, plaintiffs were not permitted to re-enter the property but eventually were allowed to remove their personal property. (*Id.* at ¶¶ 34, 37, 50-51).

By Decision and Order dated February 19, 2019, the district court dismissed plaintiffs' claims against the County and the City, as well as plaintiffs' equal protection and conspiracy claims. (Docket # 5). Although the district court afforded plaintiff leave to replead these claims, plaintiff never filed an amended complaint. (*Id.*). By Decision and Order dated March 13, 2020, the district court subsequently dismissed plaintiffs' procedural and substantive due process claims relating to the property, as well as plaintiffs' Fourth Amendment eviction claim. (Docket # 41). As a result, the only claims remaining are plaintiffs' Fourth Amendment claims premised upon the warrantless entry into the property and the warrantless arrest of plaintiffs and their Fourth and Fourteenth Amendment due process claims premised upon interference with plaintiff's possessory interest in their personal property. (*Id.* at 30-32).

Currently pending before this Court is Murphy's motion for reconsideration of an order requiring plaintiffs to appear for depositions or, alternatively, for a protective order and order extending discovery deadlines. (Docket # 71). Also pending are cross-motions by Maggs and the City defendants to dismiss the complaint as a sanction for plaintiffs' failure to appear for court-ordered depositions. (Docket ## 76, 77).

**BACKGROUND**

The present dispute primarily concerns defendants' attempts to depose plaintiffs. (Docket ## 71, 76, 77). On July 15, 2021, Maggs served deposition notices scheduling the depositions of both plaintiffs for August 24, 2021. (Docket # 76-1 at ¶ 36 and Exhibit ("Ex.") I).

Murphy responded by letter dated August 12, 2021, advising counsel for Maggs, Kayla A. Arias, Esq., that plaintiffs would not attend the scheduled depositions. (Docket ## 72-4, 72-5, 72-6). Murphy objected to the deposition notices on the grounds that counsel had not attempted to negotiate a time and place for the depositions prior to serving the notices and had not responded adequately to plaintiffs' discovery demands. (*Id.*).

Arias responded by letter dated August 13, 2021. (Docket ## 76-1 at ¶ 38 and Ex. J). She offered to accommodate any scheduling conflicts and advised plaintiffs that they had an obligation to appear for the noticed depositions. (*Id.*). Regarding Maggs's discovery responses and objections, Arias disagreed with Murphy's characterization of prior conferral attempts and requested a further conference between the parties. (*Id.*).

According to Arias, she spoke with Murphy on August 19, 2021, at which time he informed her that plaintiffs would not appear for the scheduled depositions because they believed that Maggs had not properly responded to plaintiffs' discovery demands. (Docket # 76-1 at ¶ 39). Arias represents that she offered to discuss with Murphy each of Maggs's objections to plaintiffs' discovery demands, but he "declined to have that discussion." (*Id.* at ¶ 40). Arias maintains that she was forced to cancel the depositions. (*Id.* at ¶ 39). Murphy agrees that the parties had a conference regarding the depositions, but states that it occurred on August 30, 2021. (Docket # 71 at 5-6).

By letter dated September 1, 2021, Arias advised the Court of the parties' dispute regarding plaintiffs' depositions and requested a conference and a stay of September 2, 2021 deadline for fact discovery. (Docket # 64). Murphy responded by letter dated September 2, 2021. (Docket # 73-3). In the letter, Murphy reiterated his objection that the deposition notices were sent without contacting plaintiffs to determine their availability. (*Id.* at 2-3). He also

3

expressed concerns about in-person depositions given the COVID-19 pandemic. (*Id.* at 3). Murphy represented that plaintiffs intended to file a motion to extend the scheduling order and requested an extension until October 2, 2021 to file that motion. (*Id.* at 2-3, 23). Murphy also expressed dissatisfaction with Maggs's responses to plaintiffs' discovery demands, which were served on plaintiffs on October 15, 2020, and with the City defendants' failure to respond to plaintiffs' discovery demands. (*Id.* at 10-20, 26-27).

The Court held a conference with the parties on September 9, 2021. (Docket ## 65, 68). During the conference, the Court advised plaintiffs that it would issue an order directing plaintiffs to appear for depositions. Murphy interjected that he intended to file a motion for a protective order; the Court informed Murphy that, although he was free to file a motion, it intended to issue the order directing them to appear, which the Court did following the conference. (Docket # 67 (the "September 9 Order")). In pertinent part, this Court's September 9 Order provided:

> [P]laintiffs Christopher M. Murphy and Barbara Camilli are directed to appear on **September 28, 2021** at **10:00 a.m.,** for depositions to be conducted by remote means. The parties are directed to meet and confer in good faith to make the arrangements necessary to permit the depositions to be conducted remotely. **Absent further order of Court, the failure to cooperate in the process of making arrangements for the remote depositions or the failure to appear at the scheduled date and time may result in the imposition of sanctions, including dismissal of the action.**

(*Id.*). In that same Order, the Court lifted the stay of discovery. (*Id.*).

On September 21, 2021, Arias provided plaintiffs with written instructions to access the remote deposition via Zoom or dial-in. (Docket # 76-1 at ¶ 45 and Ex. L). Murphy responded by letter dated September 22, 2021, advising that he intended to file a motion for a protective order. (*Id.* at ¶ 46 and Ex. M). In relevant part, his letter stated:

4

> Please be advised that Plaintiffs will be filing [a motion for a protective order] on or before Friday, September 24th during normal business hours. I am advising you of this now in order to minimize any unnecessary confusion or inconvenience on your end.

(*Id.* at Ex. M). Arias responded by letter dated September 23, 2021, and confirmed that the depositions would proceed on September 28, 2021 in accordance with the Court's Order. (*Id.* at ¶ 47 and Ex. N).

On September 24, 2021, Murphy filed the pending motion for reconsideration or, alternatively, for a protective order and extension of the scheduling order. (Docket # 71). On September 28, 2021, this Court issued a motion scheduling order setting a deadline for defendants' response to the motion.[2] (Docket # 74). That same day, Arias and Jeremy Hourihan, Esq., attorney for the City defendants, appeared for the depositions; plaintiffs did not. (Docket # 76-1 at ¶ 48 and Ex. O).

On October 19, 2021, defendants opposed Murphy's motion and cross-moved for dismissal of the complaint based upon plaintiffs' failure to appear for their depositions. (Docket # 76, 77). Although plaintiffs concede that they did not attend the depositions, they maintain that they interpreted this Court's issuance of a motion scheduling order as "reliev[ing] Plaintiffs of the obligation to proceed with" the court-ordered depositions. (Docket # 84 at ¶ 205).

## DISCUSSION

I.  **Motions to Dismiss**

Rule 37(b) of the Federal Rules of Civil Procedure provides, in relevant part, that "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court . . . may issue

---

[2] Murphy represents that the motion scheduling order issued at approximately 8:00 a.m. on September 28, 2021, but the Court's electronic filing system reflects that the order issued at 9:20 a.m. (Docket # 84 at ¶ 33).

5

further just orders[,] . . . [including orders] . . . dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Similarly, Rule 37(d) provides that a court may dismiss an action if a party fails to attend a deposition of that party. *See* Fed. R. Civ. P. 37(d). Also relevant to this motion, Rule 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962).

"All litigants, including *pro ses*, have an obligation to comply with court orders," and, although *pro se* litigants are generally entitled to "special solicitude," they "are not immune to dismissal as a sanction for noncompliance with discovery orders." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (internal quotations and brackets omitted). Rather, "[t]he severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994). Nevertheless, "dismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds 'willfulness, bad faith, or any fault' by the non-compliant litigant." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d at 302 (quoting *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990), *cert. denied*, 499 U.S. 943 (1991)).

In evaluating the propriety of sanctions, including dismissal, a court should consider several factors including:

1. the willfulness of the non-compliant party or the reasons for noncompliance;

2. the efficacy of lesser sanctions;

3. the duration of the period of noncompliance[;] and

> 4. whether the non-compliant party had been warned of the consequences of … noncompliance.

*See Agiwal*, 555 F.3d at 302-03 (quoting *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)).  Generally, "[a] persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith, or fault by the noncompliant party." *Peña v. Chocolate*, 2012 WL 3957474, *3 (S.D.N.Y. 2012) (internal quotations omitted).  Indeed, "dismissal pursuant to Rule 37 is appropriate 'not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a sanction.'" *Agiwal*, 555 F.3d at 303 (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

Here, the record demonstrates that plaintiffs failed to comply with an explicit order from this Court to appear for their depositions on September 28, 2021.  The September 9 Order directed plaintiffs to appear and clearly warned them that they would face sanctions, including dismissal of the action, if they failed to comply.  Any purported reliance on the motion scheduling order as justification for their failure to appear was unreasonable.  The motion scheduling order merely set deadlines for responses to the motion filed by Murphy and did not explicitly excuse attendance at the court-ordered deposition.  Nor did it state that it superseded this Court's September 9 Order.

Although plaintiffs contend that their motion would have been rendered moot had they appeared for their depositions, this argument ignores the fact that their motion requested relief in addition to a protective order, namely, an extension of the scheduling order.  In any event, had plaintiffs been confused by the issuance of the motion scheduling order, they could have contacted opposing counsel to address the issue or sought clarification from the Court, rather than choosing to ignore the Order.

That said, the record does not demonstrate that plaintiffs have engaged in a pattern of noncompliant behavior warranting severe sanctions or that plaintiffs' compliance cannot be achieved through sanctions less drastic than dismissal. For these reasons, and in consideration of plaintiffs' *pro se* status, I conclude that plaintiffs should be permitted one additional opportunity to comply with this Court's September 9 Order requiring that they appear for their depositions. *See*, *e.g.*, *Mercado v. Div. of N.Y.S. Police*, 989 F. Supp. 521, 524 (S.D.N.Y. 1998) ("[a]lthough [dismissal with prejudice] may be imposed even on *pro se* litigants, . . . the Second Circuit has cautioned district courts to exercise particular restraint when considering the imposition of sanction on *pro se* litigants[;] . . . [plaintiff's] misconduct was not so extreme as to warrant dismissal, and there are clearly less drastic measures to rectify the situation"); *Clemmons v. Veterans Admin.*, 1986 WL 567, *1 (E.D.N.Y. 1986) ("it is just barely conceivable that [*pro se* plaintiff] did not understand that the magistrate ruled that her case would be dismissed if she did not attend the deposition[;] . . . [t]he court will therefore afford plaintiff one more chance to appear and be deposed"). Accordingly, I recommend that defendants' motions to dismiss (Docket ## 76, 77) be denied without prejudice to renewal in the event that plaintiffs do not appear as ordered.

## II.    Motion For Reconsideration/Protective Order and Extension of Scheduling Order

Murphy's motion is lengthy and discusses proceedings and discovery in other pending cases involving the same attorneys, as well as the merits of certain claims in this case that have been dismissed.[3] (*See generally* Docket # 71). The prolix discussions of seemingly

---

[3] Indeed, several of Murphy's submissions violate the provisions governing the submission of motions contained in this Court's local rules. *See* W.D.N.Y. Local Rule 7. For instance, contrary to Local Rule 7(a)(3), Murphy's declarations in support of his motion (Docket # 71) and in opposition to defendants' motions (Docket

8

irrelevant matters makes it difficult to discern the basis of Murphy's motion. Interpreting the motion liberally, it appears to seek reconsideration of the Court's September 9 Order directing plaintiffs to appear for depositions. (Docket # 71 at 8, 37-38). Murphy apparently believes that plaintiffs should not be required to appear for depositions until the discovery disputes concerning defendants' responses to plaintiffs discovery demands have been resolved. (*Id.*). Murphy also requests a four-month extension of the current scheduling order in order to provide him time to file a motion raising such disputes with the Court. (*Id.*).

The record shows the following with respect to plaintiffs' discovery requests. Murphy served discovery requests on Maggs on September 10, 2020. (Docket ## 71 at 35; 76-1 at ¶ 21). Maggs responded to those requests on October 15, 2020. (Docket # 76-1 at ¶ 22 and Ex. B). Murphy served a second set of document requests on October 23, 2020. (*Id.* at ¶ 25 and Ex. C). On October 29, 2020, Maggs objected in writing to the requests on the grounds that they failed to seek relevant information. (*Id.* at ¶ 27 and Ex. D). By letter dated November 30, 2020, Murphy disagreed with the objections and requested dates for a conferral meeting. (*Id.* at ¶ 28 and Ex. E). By letter dated February 26, 2021, Arias provided Murphy with three dates on which she was available to meet telephonically. (*Id* at ¶ 30 and Ex. F). According to Arias, Murphy did not respond to the letter and did not call her on any of the proposed dates. (*Id.* at ¶ 30).

By letter dated May 10, 2021, Murphy again sought to schedule a conferral meeting. (*Id.* at ¶ 31 and Ex. G). Arias responded in writing two days later and provided a proposed date and dial-in number for the conference. (*Id.* at ¶¶ 32-33 and Ex. H). The parties eventually conferred on May 21, 2021. (*Id.* at ¶¶ 33-34). Although the parties disagree as to the

---

# 84) contain legal arguments. Murphy is cautioned that this Court has discretion to strike any filings that fail to comport with the local rules.

substance of that meeting, their submissions make clear that a productive conferral did not take place. (*Id.* at ¶¶ 33-34; Docket # 71 at 30-32).

By letter dated August 12, 2021, Murphy requested another conferral and indicated that he intended to seek an extension of plaintiffs' deadline to complete discovery. (Docket ## 72-4, 72-5, 72-6). On August 19, 2021, Arias and Murphy again conferred regarding Maggs's discovery responses. (Docket # 76-1 at ¶¶ 39, 40). According to Arias, she offered to address each of Maggs's objections to plaintiffs' discovery requests, particularly those that sought information relating to claims that had been dismissed from the case, but "Murphy declined to have that discussion." (*Id.* at ¶ 40). Arias also represents that she offered to make herself available before the close of discovery for another conferral but Murphy never attempted to schedule one. (*Id.*).

Plaintiffs also served discovery demands on the City defendants. (Docket ## 71 at 20; 77-1 at ¶ 11 and Ex. A). According to the City defendants, the discovery demands were sent to the City of Elmira's Law Department instead of to their counsel, which resulted in the City defendants' delayed receipt of the demands.[4] (Docket # 77-1 at ¶¶ 10-11). Although it is unclear when the City defendants received the demands, the record suggests that the City defendants had received the demands by at least February 2021. (Docket # 71 at 20). In a letter dated February 5, 2021, Hourihan represented that he had "almost completed" the City defendants' responses to plaintiffs' discovery demands and anticipated providing those responses "within the next two weeks." (Docket # 72-9).

---

[4] The City defendants represent that they have never been served with interrogatories. (Docket # 77-1 at ¶ 12). It is not clear from his submissions whether Murphy contends that he did serve interrogatories on the City defendants in this case. The parties should confer on this issue.

The record suggests that the City defendants failed to provide the responses as anticipated and seemingly failed to respond to Murphy's attempts to confer regarding the outstanding demands. (Docket # 73-39 at 5-10). The City defendants inexplicably did not provide any written responses to plaintiffs' discovery demands until September 8, 2021. (Docket # 77-1 at ¶ 20 and Ex. C).

Although it is not unusual for parties to engage in written discovery before conducting deposition discovery, there is no rule requiring that discovery progress in that order. More importantly, despite having served his requests almost one year ago, Murphy still has not sought Court intervention to resolve the perceived deficiencies in defendants' responses. Murphy's conferrals with Arias have been unsuccessful in resolving the disputes, and his attempts to confer with Hourihan appear to have been ignored. Thus, Murphy should have requested Court intervention to resolve the disputes. Despite the approaching close of fact discovery, plaintiffs failed to file a motion. On this record, the Court sees no reason to revisit its previous determination that plaintiffs are required to attend their depositions. Accordingly, that portion of Murphy's motion seeking reconsideration or a protective order is denied, and plaintiffs Christopher M. Murphy and Barbara Camilli are directed to appear on **September 13, 2022, at 10:00 a.m.**, for depositions to be conducted by remote means. The parties are directed to confer in good faith to make the arrangements necessary to permit the depositions to be conducted remotely. Absent further order of Court explicitly superseding this Order, plaintiffs' failure to cooperate in the process of making arrangements for the remote depositions or to appear at the scheduled date and time may result in the imposition of sanctions, including dismissal of the action.

Turning next to Murphy's request for a four-month extension of the scheduling order, I find that good cause warrants granting an extension. The record demonstrates that plaintiffs promptly served discovery demands following the Rule 16 conference and the issuance of the Court's initial scheduling order. (Docket ## 53, 54). The record also demonstrates that Murphy made multiple attempts to confer with Hourihan after the City defendants failed to respond to plaintiffs discovery demands. Nothing in the record before the Court suggests that Hourihan responded to Murphy's requests, and it does not appear that the parties have ever conferred concerning the responses that were belatedly provided on September 8, 2021.

With respect to Maggs, the record reflects that he timely responded to plaintiffs' discovery demands and that his attorney attempted on multiple occasions to confer with Murphy regarding Maggs's responses. Despite these attempts, the record suggests that a meaningful conferral – addressing the specific requests and Maggs's production or objections in response to those requests – has never occurred. Although plaintiffs failed to seek Court intervention with respect to the discovery disputes prior to expiration of the fact discovery deadline, Murphy conveyed to Arias and to the Court his intention to file a motion to compel and to request an extension of the scheduling order.[5] (Docket ## 72-4, 72-5, 72-6, 73-3). On this record, plaintiffs' request for an extension in order to comply with their conferral obligations and to submit a motion to compel to the Court is granted, and this Court will issue an amended scheduling order.

The parties are reminded that they must engage in good faith and genuine efforts to identify and resolve any disputes prior to seeking Court intervention. The Court expects the

---

[5] Although Murphy's letters dated August 12 and September 2 preceded the close of fact discovery on September 2, 2021, they were sent after the deadline for motions to compel, which expired thirty days prior to the close of fact discovery. (Docket # 61 at ¶ 1).

parties to work cooperatively to schedule the necessary conferences and to discuss specific objections to specific requests. Review of the submissions suggests that the primary dispute concerns whether certain of plaintiffs' demands seek information that is relevant to claims that have been dismissed from the action. The parties should discuss these requests and plaintiffs should articulate why they believe the information they seek is relevant to claims remaining in the litigation.

## CONCLUSION

For the reasons discussed above, I recommend that the district court deny defendants' motions to dismiss the complaint **(Docket ## 76, 77)** without prejudice to renewal.

Murphy's motion for reconsideration or for a protective order and extension of the scheduling deadlines **(Docket # 71)** is granted in part and denied in part. Specifically, Murphy's motion is denied to the extent it seeks reconsideration of the Court's September 9 Order or for a protective order precluding plaintiffs' depositions. Plaintiffs are directed to appear on **September 13, 2022, at 10:00 a.m.**, for depositions to be conducted by remote means. The parties are directed to confer in good faith to make the arrangements necessary to permit the depositions to be conducted remotely. **Absent further order of Court explicitly superseding this Order, plaintiffs' failure to cooperate in the process of making arrangements for the remote depositions or to appear at the scheduled date and time may result in the imposition of sanctions, including dismissal of the action.** Murphy's motion is granted to the extent he seeks an extension of the scheduling order, and this Court will issue an amended scheduling

order. The parties are reminded of their obligation to confer with each other in good faith about any discovery disputes prior to filing any motions relating to those disputes.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
      August 17, 2022

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See*, *e.g.*, *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

                                                   *s/Marian W. Payson*
                                                   MARIAN W. PAYSON
                                        United States Magistrate Judge

Dated: Rochester, New York
          August 17, 2022