UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTOPHER M. MURPHY and
BARBARA CAMILLI,

Plaintiffs,

Case # 18-CV-6628-FPG

v.

DECISION AND ORDER

BRYAN MAGGS, et al.,

Defendants.

On August 31, 2018, *pro se* Plaintiffs Christopher M. Murphy and Barbara Camilli (collectively "Plaintiffs") filed a complaint pursuant to 42 U.S.C. § 1983, alleging constitutional violations arising out of events that occurred on September 2, 2015.  ECF No. 1.  Plaintiffs sued the County of Chemung, the City of Elmira, Bryan Maggs, Matthew Buzzetti, Joseph Martino, and John Does 1-5 (collectively "Defendants").  On May 21, 2019, the Court referred the matter to United States Magistrate Judge Marian W. Payson.  ECF No. 13.  On October 19, 2021, Defendants moved to dismiss Plaintiffs' complaint as a sanction for Plaintiffs' failure to appear for court-ordered depositions.  ECF Nos. 76, 77.  Judge Payson issued a Report and Recommendation on August 17, 2022 (the "R&R"), recommending that Defendants' motions to dismiss be denied. [1] ECF No. 86.

No party filed objections to Judge Payson's R&R, and the time to do so has expired.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

Pursuant to 28 U.S.C. § 636(b)(1)(C), a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

---

[1] Judge Payson's October 19, 2021 Order also ruled on a nondispositive discovery-related motion, ECF No. 71, brought by Plaintiff Murphy.  *See* ECF No. 85 at 8-13.  However, that ruling was not made on Report & Recommendation.  Plaintiff Murphy filed an additional discovery-related motion on September 6, 2022, but that motion, ECF No. 87, which is directed to Judge Payson, is not styled as (nor does the Court read it as) an objection or appeal from the nondispositive portion of Judge Payson's October 19, 2021 Order.

objection is made." *See also* Fed. R. Civ. P. 72(b)(2).  When a party does not object to the R&R, as here, however, the court will review it for clear error.  *EEOC v. AZ Metro Distributors*, *LLC*, 272 F. Supp. 3d 336, 339 (E.D.N.Y. 2017) (quoting *Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014)).  "When performing such a 'clear error' review, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 686 (N.D.N.Y. 2015) (internal quotation marks omitted).  After conducting the appropriate review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

Since no objections were filed here, the Court is not required to conduct a *de novo* review of the R&R.  Furthermore, having reviewed the record and the R&R, the Court has not identified any plain error requiring correction.[2]

Accordingly, the Court ADOPTS Magistrate Judge Payson's Report and Recommendation, ECF No. 86, and DENIES Defendants' motions to dismiss, ECF No. 76, ECF No. 77.

IT IS SO ORDERED.

Dated: September 7, 2022
       Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

---

[2] In any event, even applying a *de novo* standard of review, this Court would reach the same conclusion.