UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER M. MURPHY and
BARBARA M. CAMILLI,

                              Plaintiffs,

               v.

BRYAN MAGGS, MATTHEW BUZZETTI,
JOSEPH MARTINO, and JOHN DOES Numbers
One through Five,

                              Defendants.
_____

DECISION & ORDER

18-CV-6628FPG

On August 31, 2018, *pro se* plaintiffs Christopher M. Murphy ("Murphy") and Barbara M. Camilli ("Camilli") (collectively, "plaintiffs") filed this action pursuant to 42 U.S.C. § 1983 against the County of Chemung, Chemung County Attorney Bryan Maggs, and the City of Elmira and its employees Matthew Buzzetti and Joseph Martino.[1] (Docket # 1). The complaint asserts various constitutional claims arising from events that occurred on September 2, 2015. (*Id.*). Currently pending before this Court is the renewed request of defendants Buzzetti and Martino (collectively, "Moving Defendants") for the Court to order reimbursement of costs and fees related to the continued deposition of Camilli.[2] (Docket ## 161, 163). For the reasons stated below, this motion is denied without prejudice.

---

[1] The complaint also named five John Doe defendants who are identified as City of Elmira police officers. (Docket # 1).

[2] The parties have also filed summary judgment motions (Docket ## 132, 133, 143), which are pending before the district judge. (*See* Docket # 13 at 1).

## DISCUSSION

On March 1, 2024, this Court issued a Decision and Order (the "March 1 Decision and Order") resolving Moving Defendants' prior motion (Docket # 104) seeking, in relevant part, an order compelling Camilli to appear for a continued deposition and to pay a portion of the associated costs. (Docket # 155). The Court stated:

> I grant Moving Defendants' motion to continue Camilli's deposition for the limited purpose of obtaining answers to [certain identified] questions, asking reasonably related follow-up questions, and inquiring about the answers Camilli changed or retracted in her errata sheet. The parties are directed to promptly confer to agree on a date, time, and place for the continued deposition, and, on or before **March 20, 2024**, Moving Defendants shall provide the Court in writing with the date and time of Camilli's deposition. At this time, I deny without prejudice Moving Defendants' request for reimbursement of costs associated with Camilli's continued deposition. Should Camilli fail to appear for her second deposition or unreasonably refuse to answer counsel's questions, Moving Defendants may renew their request for reimbursement of costs and fees.

(*Id.* at 8-9 (footnote omitted)).

In renewing their request for reimbursement of costs and fees, Moving Defendants misstate this Court's order, claiming that the Court "directed the [M]oving Defendants and Plaintiff Camilli to confer to agree on a date, time and place for the continued deposition of Plaintiff Barabara Camilli, to be held on or before March 20, 2024." (Docket # 161 at 1, ¶ 4). Based on this misreading of the March 1 Decision and Order, Moving Defendants contend that the Court should sanction Camilli for preventing the continuation of her deposition on or before March 20, 2024, by failing to respond to their counsel's repeated attempts to schedule the deposition. (*See* Docket # 161).

Because the Court did not order the continued deposition to occur by a specific date, the Court will not issue sanctions on these grounds. Nevertheless, the parties' papers raise other issues that the Court must address.

Moving Defendants' motion papers suggest that Camilli failed to "promptly confer to agree on a date, time, and place for the continued deposition," as directed by the March 1 Decision and Order. (Docket # 155 at 9). Specifically, Casidhe Gilboy, counsel for Moving Defendants, represents that she contacted Camilli by mail and email on March 4 and 8, 2024, and again by email on March 13, 2024, to schedule the deposition, but that as of March 20, 2024, "Camilli ha[d] not contacted [Gilboy] to schedule [the continued] deposition." (Docket # 161 at 2, ¶¶ 7, 9, 11, 12).

Plaintiffs argue that Moving Defendants have "unclean hands" and filed the present motion prematurely and in "bad faith." (Docket # 167 at 4, 6). As further explained below, none of the facts plaintiffs cite, however, justify plaintiffs' failure to respond to the scheduling requests until the day the Court ordered Moving Defendants to inform the Court in writing of the date, time, and location of the scheduled continued deposition. Even if it is theoretically possible that all parties could have reached an agreement before the end of the day, Camilli's decision to ignore Attorney Gilboy's repeated attempts to confer until the day of the Court's deadline fails to comply with the Court's order that the parties "promptly" confer.

Moreover, rather than respond to Attorney Gilboy about her attempts to confer, on March 20, 2024, at 2:30 p.m., plaintiffs deliberately chose to send a letter to counsel for the County of Chemung and Bryan Maggs about Camilli's availability. (Docket ## 167 at 3; 167-7; 167-8 at 1 (noting that Camilli's original deposition was noticed by their client and "not [by] Casidhe Gilboy's clients" and contending that Attorney Gilboy "can ask questions, but that's it[;] . . . [thus,] as [to] arranging Barbara's 'continued deposition,' we deal with you not her")). Although plaintiffs cite to the fact that Camilli's deposition was noticed by Maggs (*see also* Docket # 76-10 at 3), rather than Moving Defendants, the Court's March 1 Decision and Order

3

granted *Moving Defendants'* motion for a continued deposition. Gamesmanship will not be tolerated by this Court.

On the evening Attorney Gilboy filed the instant motion, plaintiffs notified her directly of her misreading of the Court's order and indicated the times they would be available for the continued deposition. (Docket ## 167 at 3; 167-11). Attorney Gilboy should have recognized her misreading of the Court's March 1 Decision and Order, scheduled the deposition in accordance with the parties' availability, withdrawn her motion, and provided the Court with a status update.

## CONCLUSION

Because the Court did not require Camilli's continued deposition to occur before March 20, 2024, Moving Defendants' motion for sanctions **(Docket # 161)** is **DENIED without prejudice**. By no later than **April 29, 2024**, Camilli is directed to confer with Attorney Gilboy to agree on a date, time, and place for the continued deposition; the continued deposition shall take place by no later than **May 17, 2024**. By no later than **April 29, 2024**, Moving Defendants shall provide the Court in writing with the date and time set for Camilli's continued deposition.
**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
April 18, 2024

4