UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER M. MURPHY and
BARBARA M. CAMILLI,

                      Plaintiffs,

       v.

BRYAN MAGGS, JOSEPH MARTINO, and
JOHN DOES Numbers One through Five,

                      Defendants.

_____

<u>DECISION & ORDER</u>

18-CV-6628FPG

        Several discovery-related motions are pending before the Court.  First, plaintiffs seek reconsideration of this Court's March 1, 2024 Order, which addressed various discovery disputes and obligated defendants to provide supplemental responses to certain discovery demands.  (Docket # 195).  Second, plaintiffs challenge the adequacy of various of defendants' supplemental discovery responses and seek an order imposing sanctions as a result of those deficiencies and an extension of the fact discovery deadline.  (Docket # 178).[1]  Finally, defendants have sought an order imposing sanctions on plaintiff Camilli for failing to appear for a scheduled deposition.  (Docket # 181).  Familiarity with this matter is assumed.  (*See* Docket ## 155, 188).

I.      <u>**Plaintiffs' Motion for Reconsideration of the March 1, 2024 Order**</u>

        Plaintiffs seek reconsideration of this Court's March 1, 2024 Order that resolved a prior discovery motion filed by plaintiffs.  (*See* Docket ## 155; 195).  The motion is both

---

[1] Plaintiffs docketed an identical motion on the same day, but erroneously titled it Plaintiffs' First Motion for Extension of Time (*See* Docket # 174).  The motion addressed herein corrects the title to properly reflect that it constitutes plaintiffs' third motion for an extension.  (Docket # 178).

procedurally and substantively deficient.  First, the extraordinary prolix supporting papers
exceed by substantial measure the applicable page limit imposed by the local rules.  *See* Local
Rules of Civil Procedure for the Western District of New York.  The motion is accompanied by a
"Declaration" of plaintiffs that exceeds 100 pages.  (Docket # 195-1).  Rather than confine itself
to facts, the declaration improperly contains argument (which is prohibited by Local Rule
7(a)(3)) – albeit without legal citations – as to why plaintiffs contend that the original discovery
demands are relevant to their claims even as narrowed by Judge Geraci and why defendants'
objections should be overruled.  (*Id.*).  The accompanying memorandum of law is split into two,
one purportedly submitted on behalf of Murphy and the other on behalf of Camilli, totaling forty-
six pages, which consists largely of legal citations and quotations without discussing the
application of that law to the facts or discovery requests at issue in this case.  (Docket ## 195-27,
195-28).  Indeed, in the nearly 50 pages of memoranda, there is one two-sentence section that
specifically addresses the discovery demands at issue in the March 1, 2024 Order.  (Docket #
195-28 at 15).  In sum, that section identifies eleven demands and states merely, "As a matter of
law, all of the above are relevant under Rule 26(b)(1) and must properly be provided."  (*Id.*).

It is clear that plaintiffs' intent is for the Court to consider together the over 150
pages of filings (not including exhibits) to understand plaintiffs' argument.  Plaintiffs did not
request or obtain permission to exceed the 25-page limit applicable to legal memoranda.  *See*
Loc. R. Civ. P. 7(a)(2)(C).  Plaintiffs have been admonished about oversized filings, and
improper attempts to avoid the limitations by splitting their arguments into "declarations" and
"memoranda," and indeed a previous filing has been stricken for that reason.  (*See* Docket # 155
at 11-12).  Plaintiffs' motion for reconsideration reveals the same deficiencies and warrants the
same fate.  It violates the Court's Local Rules and is thus procedurally deficient.

Even if it were to be considered, plaintiffs have not demonstrated that this Court's March 1, 2024 Order warrants reconsideration. "The standard for granting [a motion to reconsider] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the [c]ourt." *Torres v. Carry*, 672 F. Supp. 2d 346, 348 (S.D.N.Y. 2009) (quotation omitted). Rather, the primary grounds for reconsideration are "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). If the moving party presents no legal authority or facts that the court failed to consider, then the motion to reconsider should be denied. *Shrader v. CSX Transp., Inc*., 70 F.3d at 257 ("a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided").

Plaintiffs' motion, which they filed a full six months after the Court's Order, does not allege any new law or evidence material to my previous determination. Nor do I find that I misapprehended or misstated any material facts or law in my previous decision, let alone that my determination to sustain defendants' objections to certain of plaintiffs' discovery demands amounted to "clear error" or "manifest injustice." *See Torres v. Carry*, 672 F. Supp. 2d at 348. In the main, plaintiffs repeat their contention, made in support of their motion that resulted in the determination which they request this Court to reconsider, that discovery relating to the foreclosure proceedings and Maggs's conduct for a period of years preceding the foreclosure is

relevant to the claims. (*Compare* Docket # 105-1 *with* Docket # 195-1). No reasons have been advanced that demonstrate that my disagreement with plaintiffs on that proposition (*See* Docket # 155 at 12-13 & n.10) is erroneous or unjust. As originally determined by Judge Geraci, the claims permitted to proceed concerned the warrantless search of 757 Linden Place, the warrantless arrest of plaintiffs, and the subsequent loss of their personal property from the residence, as well as issues of adequate notice. (Docket # 41). The subsequent narrowing of the case to Fourth and Fourteenth Amendment claims related to the deprivation of plaintiffs' personal property (Docket # 188; *see also* discussion *infra*) only underscores the lack of relevance of the challenged demands.

For these reasons, I deny plaintiffs' motion for reconsideration.

## II.    Plaintiffs' Motion for Discovery Sanctions

Since the disputed discovery responses were served, the district court issued a decision granting in part and denying in part defendants' motions for summary judgment. (*See* Docket # 188). That decision substantially narrowed the scope of this litigation. Relevant to the pending motions, the decision dismissed Buzzetti as a defendant and narrowed the claims against the remaining defendants to a Fourth Amendment claim against Martino and John Does 1-5 for warrantless seizure of property and a Fourteenth Amendment procedural due process claim against Martino, Maggs, and John Does 1-5 in connection with the deprivation of plaintiffs' interest in personal property. (*Id*.). It is against this backdrop that I evaluate the pending motions.

First, contrary to the plaintiffs' assertions, I do not find that any of the defendants answered the requests at issue in bad faith. When the requests were originally served, defendants objected to many of the request on the grounds of relevance, and I sustained many of those

4

objections.  (Docket # 155 at 11-20).  I further found that defendants did not act in bad faith in

interposing those objections.  (*Id*. at 17, 20).  I did overrule certain of the objections, however,

and directed defendants to answer those specific requests.  (*Id.* at 16-20).  In doing so, I directed

that, with respect to documents that were not within a responding defendant's possession,

custody or control, the defendant was obligated to

> submit a sworn declaration that [the defendant] has conducted a
> diligent search for responsive documents and that none are in his
> possession, custody or control – in other words, that he does not
> have the practical ability to obtain the requested documents.

(*Id*. at 14).

In accordance with this Court's directions in the March 1, 2024 Order, Buzzetti

and Martino both provided answers to the requests, along with a compliance affidavit.  (*See*

Docket ## 190-1, 190-2).  Both affidavits conform to my directions and explain that they do not

have in their possession, custody or control documents responsive to the vast majority of the

requests they were directed to answer.  (*Id*.).  In Buzzetti's case, he affirmed that he served as

Assistant Corporation Counsel for the City of Elmira from approximately 2013 to 2016, left that

position in 2016, and has been in private practice since then.  (Docket # 190-1 at ¶¶ 2, 5).  He

further affirmed that he conducted a diligent search of documents in his possession but found no

responsive documents.  (*Id.* at ¶¶ 3-4).  Finally, he represented that when he left employment

with the City he did not take with him any of the files relating to this matter and that he does not

have the practical ability to obtain any requested documents.  (*Id*. at ¶ 5).  Buzzetti has complied

with this Court's March 1, 2024 Order; moreover, he is no longer a defendant in this case.  No

further response is required by Buzzetti.

With respect to defendant Martino, he served similar responses to those served by

Buzzetti.  His responses state that he does not have documents responsive to requests ## 2, 18,

32, 35, 36, 42, 44, 46, 52. (Docket ## 190-2 at 3-5). Like Buzzetti, Martino served a compliance affidavit explaining that he too is no longer employed by the City of Elmira. (Docket # 190-2). He represented that he is now retired from the Elmira Fire Department, where he had been employed for 25 years. (*Id*. at ¶¶ 2-3). He also affirmed that he had conducted a diligent search of documents in his possession for responsive documents, that he did not take with him any documents relating to this matter, and that he does not have the practical ability to obtain the requested documents. (*Id*. at ¶¶ 3-5). With respect to Demand No. 12 in particular, Martino affirmed that any responsive documents were sealed, but that in any event he has no responsive documents in his possession should they be unsealed. (*Id.* at ¶ 6). Due to alleged inadvertence, defendant Martino failed to respond to Demand Nos. 10 and 11. (Docket # 190 at ¶ 20). Following plaintiffs' pending motion, which pointed out the requests that Martino did not answer, he served supplemental responses that indicated he did not have documents responsive to either Demand No. 10 or Demand No. 11. (*See* Docket # 190-3).

Martinos's responses are generally adequate. He has complied with this Court's directions regarding those requests as to which he has produced no responsive documents – specifically, he has represented in a sworn affidavit that he has conducted a diligent search for such documents and that he neither possesses nor has the ability to produce such documents, and he has explained the reason why that is so. He cannot be compelled to produce documents that he does not have, *see, e.g., Reeder v. Vine*, 2023 WL 1775638, *4 (W.D.N.Y. 2023) ("defendants cannot be compelled to produce documents that they do not possess or control"); *Williams v. Bank Leumi Trust Co. of N.Y.*, 1999 WL 375559, *1 (S.D.N.Y. 1999) ("[i]t is too obvious to need citation that the Court cannot compel a party to produce documents that he does not

possess"), and the Court has no reason to question the veracity of his sworn representations regarding his search for documents.

**As to his response to Demand No. 1 (Docket # 190-3 at 1), however, Martino must supplement his answer by no later than December 20, 2024 to identify which chapters of the Elmira City Code of Ordinances, other than that which was provided as Exhibit A, he believes are responsive. Alternatively, he may produce copies of those chapters.**

With respect to defendant Maggs, this Court's March 1, 2024 Order directed him to answer and/or supplement various of his discovery requests and disclosures. Plaintiffs' motion challenges the adequacy of Maggs's response to the Court's Order in several repects. Starting with the most glaring issue, Maggs failed to provide answers to any of the demands the Court directed him to answer contained in plaintiffs' Second Demand for Production of Documents. Only after plaintiffs filed their motion did Maggs provide supplemental responses as ordered by the Court. (*See* Docket # 191-4.) I have reviewed those responses, and I find them to be adequate. They make clear that (1) he has previously produced the contents of his file relating to the foreclosure proceeding for 757 Linden Place that he maintained as Chemung County Attorney, (2) those documents respond to Demand Nos. 27, 38 and 39, (3) documents BM00022-31 in that file respond to Demand No. 36, (4) he has no other responsive documents in his possession, custody or control, and (5) he relied on that file and no other documents in preparing his Answer to the Complaint, as well as his responses to plaintiff's discovery requests. (Docket # 191-4). Although he did not serve a compliance affidavit until July 5, 2024, he argues that he was not subject to that requirement because he produced some responsive documents. (Docket # 191-5 at 13). The March 1, 2024 direction to provide a compliance affidavit applies to

any defendant who claims not to have possession, custody or control of responsive documents. In any event, Maggs has now provided such an affidavit. (*See* Docket # 191-3).

With respect to the required supplementation of Maggs's Rule 26(a)(1) disclosure, plaintiffs argue that he has violated this Court's order by not including the witnesses' addresses and phone numbers. Maggs has responded that he does not know their current addresses and/or phone numbers. **Maggs is directed to supplement his response by no later than December 20, 2024 to provide their last known address and telephone number. He is further directed to provide a summary of the factual subject of their expected testimony, rather than simply an identification of the legal claim as to which they have relevant testimony.**

Plaintiffs observed in their pending motion that Maggs had not served them with a verification of his interrogatory responses when they were served. He has since remedied that deficiency by providing them with a copy of his verification sworn on March 22, 2024. (*See* Docket # 191-2). With respect to the adequacy of the responses themselves, this Court has reviewed them and finds no reason to order further supplementation or responses. Contrary to plaintiffs' contention, Maggs's response to Interrogatory No. 16 complies with this Court's direction in its March 1, 2024 Order. He has disclosed the names of persons likely to have discoverable information that he may use to support his defenses (*i.e.*, likely witnesses). If Maggs failed to include such a person in his Rule 26 (a)(1) disclosures, he is likely to be precluded from calling that witness at trial. So, too, the Court finds adequate Maggs's supplemental responses to plaintiffs' first set of document demands, which identify specific documents by bates numbers within Maggs's file that are responsive to the requests. (*See* Docket # 174-14).

Plaintiffs suggest that spoliation sanctions are or may be warranted because defendants have not produced documents responsive to many of plaintiffs' requests. (Docket ## 178-1 at 42; 178-18). First, it is far from clear on the record that the defendants had responsive documents in their possession, custody and control at the time they were served with the requests. None of the named defendants currently work in the positions or even in the offices they occupied when the claims arose. In addition, nothing in the record shows they took those documents with them when they left their positions (apart from Maggs's retention of a file relating to the foreclosure, which he represents he has produced). Moreover, there is no evidence that the documents sought – if they once existed – are not still maintained by the City of Elmira or the County of Chemung. Indeed, in this Court's March 1, 2024 Order, the Court counseled plaintiffs:

> To the extent responding defendants persist in such objections [lack of possession, custody, or control], plaintiffs may seek to obtain the documents through a subpoena directed to the City of Elmira or the County of Chemung.

(Docket # 155 at 14 n. 11). Plaintiffs have apparently taken no steps to date to subpoena any documents from either governmental entity.[2]

In addition, plaintiffs imply that defendants are engaging in gamesmanship by refusing to produce documents that are under seal. (Docket # 178-1 at 5-6). First, defendants have represented that they do not possess any sealed documents. Second, defendants have submitted a copy of a court order unsealing records for use in a different federal civil action certain documents that would apparently be responsive to some of plaintiffs' requests in this

---

[2] Plaintiffs contend that "it is inconceivable that [defendants] don't have the legal right to obtain all the documents the Court ordered them to produce and the practical ability to obtain them simply by asking for them." Docket # 178-1 at 7). As an initial matter, the named defendants have sworn in their affidavits that they do not. Moreover, plaintiffs' assertion of inconceivability is undermined by their allegation that in 2019 Maggs was terminated from his employment with the County. (*See id.* at 24).

action. (Docket # 190-4). The papers filed in connection with the unsealing motion reflect that Murphy opposed unsealing for use in any case other than that separate action. (Docket # 190-5 at 13). According to counsel for Martino, plaintiffs have those documents. (Docket # 190 at ¶¶ 37-38). To the extent plaintiffs wish to have them unsealed for use in this case, they may certainly apply to the Elmira City Court for such relief.

On this record, this Court finds no justification for the imposition of sanctions against defendants or their counsel for abusive or dilatory discovery conduct. Plaintiffs' motion for an order of sanctions is thus denied. As reflected in this decision, defendants generally complied with this Court's direction to provide supplemental responses. Although both Martino and Maggs failed to respond to a few requests, they promptly remedied those failures following the filing of the pending motion, and the failures themselves did not deprive the plaintiff of any documents that had not already been produced.

**Nonetheless, because of the defendants' delay in properly providing the required answers, the Court will grant one final sixty-day extension until February 4, 2024 for the completion of fact discovery. Further, to avoid any uncertainty, all parties are required to identify by that same date any expert witnesses they intend to call at trial and provide disclosures and/or reports in accordance with Fed. R. Civ. P. 26(a)(2).**

## III.    Martino's Motion for Sanctions Against Camilli

Defendant Martino has moved for an order imposing sanctions against Camilli for her failure to appear for her deposition scheduled for May 17, 2024. (Docket # 181-1). Specifically, he requests an order precluding her from offering testimony at trial or in future motions and requiring her to reimburse defendants for the costs associated with her non-appearance. (*Id.*). Camilli opposes the motion on the grounds that her non-appearance was

substantially justified and that she advised counsel and the Court of her unavailability the day prior to the deposition. (Docket ## 189; 189-4).

   The subject of Camilli's deposition has been addressed in two recent orders. First, this Court's March 1, 2024 Order found that Camilli had improperly responded to various questions posed at her earlier deposition and ordered her to appear for a continued deposition. (Docket # 155 at 8-9). I denied defendants' request for reimbursement of costs, noting "[s]hould Camilli fail to appear for her second deposition or unreasonably refuse to answer counsel's questions, [m]oving [d]efendants may renew their request." (*Id.* at 9).

   Defendants did renew their request less than three weeks later based upon Camilli's purported failure to cooperate in rescheduling her deposition. (Docket # 161). The Court again denied the motion without prejudice and directed Camilli to confer with counsel by no later than April 29, 2024 to set a date for the deposition to occur by May 17, 2024. (Docket # 168). By letter dated April 29, 2024, counsel filed a letter with the Court advising that the parties had agreed that the deposition would take place by telephone on May 17, 2024 at 11:00 a.m. (Docket # 169).

   The day before the scheduled deposition, at approximately 2:30 p.m., Camilli filed a letter request seeking an extension. (Docket # 170). She stated that her internet service had been turned off due to non-payment of the bill, and her internet carrier provided her telephone service as well. (*Id.*). That same day, counsel for defendants responded by filing a letter opposing the request and arranging for the deposition to be held in person in Painted Post (a location approximately half-way between plaintiffs' home and counsel's office). (Docket # 171). Camilli did not respond to counsel's letter.

No order was issued by this Court relieving Camilli of her obligation to appear for her deposition on May 17, 2024, as the parties had agreed. That morning, counsel for defendants appeared with a court reporter at the location in Painted Post; plaintiff Camilli did not appear. (Docket ## 181-1 at ¶ 13; 181-2).

Camilli maintains that sanctions should not be imposed because she had a valid excuse for not appearing and because she had notified counsel and the Court of her intended non-appearance. (Docket # 189 at 3-7). Contrary to her assertion that defendants could have and should have avoided incurring the costs associated with her non-appearance because they knew she did not plan to attend, defendants are correct that the prudent, if not required, course was to appear because the Court had not issued an order excusing Camilli from attending the deposition.

Camilli does not explain why she waited until the day before the deposition to advise that she did not have internet service. She indicates that the service was turned off on May 14 (two days before she notified counsel and the Court) (*id.* at 4); she should have been aware prior to that time that non-payment of charges – regardless of the merits of the payment dispute – risked loss of service and should have contacted counsel to make alternate arrangements. Although she filed a letter with the Court, she offered no means of communicating with her. (*See* Docket # 170). As she managed to file a letter request that day, it strains credulity to believe that she could not have communicated with counsel during the three days between the loss of service and her scheduled deposition to make arrangements for appearance by alternative remote means or by personal appearance, particularly since she acknowledges that she had access to wi-fi internet service through her local library. (*See id.*). On this record, this Court finds that Camilli should be required to reimburse counsel for the court

reporter's costs. No other financial sanctions are being imposed at this time. **Camilli shall reimburse those costs by no later than March 3, 2025.**

With respect to the remaining request – an order of preclusion – the Court denies that request at this time. If Camilli were to be precluded from offering testimony concerning the subjects of her deposition testimony, that sanction could have significant adverse consequences for her remaining claims, particularly because two of the deposition topics are the identification of the county officials she spoke to about getting additional time to remove items from the house and the estimated value of the belongings left inside the house. (Docket # 155 at 8).

Rather than resort to the extreme measure of preclusion, this Court will afford Ms. Camilli one last opportunity to avoid such sanction. **This Court is hereby rescheduling her deposition to occur in the United States Courthouse, Courtroom 7, 100 State Street, Rochester, New York, 14614, on January 17, 2025 at 11:00 a.m. Counsel for Martino is directed to appear with a court reporter at that time. Should Camilli fail to appear as ordered, Martino may renew his motion, and preclusion sanctions are likely to be imposed at that time.** The parties are reminded to review the "guidance on appropriate deposition conduct" that this Court provided in its March 1, 2024 Order. (*Id.* at 9-11).

## CONCLUSION

For the reasons stated above, plaintiffs' motion for reconsideration (**Docket # 195**) is **DENIED**, their motion for discovery sanctions (**Docket ## 174, 178**) is **DENIED**, and their motion for an extension of the deadline for completion of fact discovery (**Docket # 174, 178**) is **GRANTED** insofar as that deadline is extended until **February 4, 2024**. Defendants' motion for discovery sanctions against plaintiff Camilli (**Docket # 181**) is **GRANTED in part**

**and DENIED in part**.  By no later than **March 3, 2025**, Camilli is directed to reimburse defendant's counsel for the court reporter's costs incurred in connection with Camilli's scheduled deposition on May 17, 2024.  The parties are directed to comply with the specific directions set forth in this decision.

**IT IS SO ORDERED.**

_s/Marian W. Payson_
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       December 6, 2024