UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER M. MURPHY and
BARBARA CAMILLI,

                     Plaintiffs,          **DECISION AND ORDER**

        v.                                  6:18-CV-06628 FPG

COUNTY OF CHEMUNG, CITY OF ELMIRA,
BRYAN MAGGS, JOSEPH MARTINO, and
JOHN DOES 1-5,

                     Defendants.
_____

On December 6, 2024, Magistrate Judge Marian W. Payson, to whom the matter was then referred for all non-dispositive pre-trial proceedings, entered a Decision and Order directing that plaintiff Barbara Camilli appear for a deposition on January 17, 2025, at 11:00 a.m. at the United States Courthouse, Courtroom 7, 100 State Street, Rochester, New York 14614. (Dkt. 196 at 13). Judge Payson further ordered that counsel for defendant Joseph Martino appear with a court reporter at that time. (*Id.*).

On January 7, 2025, the referral order in this matter was reassigned to the undersigned. (Dkt. 20).

On January 15, 2025, Camilli and her co-plaintiff Christopher M. Murphy (collectively "Plaintiffs") filed a letter request to cancel Camilli's January 17, 2025 deposition. (Dkt. 203). Plaintiffs offered the following reasons in support of their request: (1) the family friend whom they had arranged to transport them to Rochester

on January 17, 2025, advised them on January 14, 2025, that she was no longer able to do so due to family commitments; and (2) the Maggs Law Office, which had been representing Martino in this action, is no longer in existence. (*Id.*). Plaintiffs also made a number of arguments addressed to the merits of Judge Payson's Decision and Order. (*Id.*).

Pursuant to a Text Order entered by the Court (Dkt. 204), Barclay Damon LLP filed a letter on January 15, 2025, confirming that the Maggs Law Office recently ceased operations, and indicating that Barclay Damon would be substituted as counsel for Martino by midday on January 16, 2025 (Dkt. 205). Barclay Damon further confirmed that it has engaged a court reporter to appear at the Rochester courthouse on Friday, January 17, 2025, at 11:00 a.m. and is prepared to proceed with Camilli's deposition at that time. (*Id.*).

The Court denies Plaintiffs' letter request to cancel Camilli's deposition, which it construes as a motion for reconsideration of Judge Payson's December 6, 2024 Decision and Order. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations

omitted). The reassignment of this case from Judge Payson to the undersigned is not itself a basis to revisit her prior orders or make a *de novo* determination of issues that she has already resolved. *See, e.g., Peyser v. Searle Blatt & Co.*, No. 99 CIV. 10785 (GEL), 2004 WL 307300, at *1 (S.D.N.Y. Feb. 17, 2004).

None of the criteria justifying reconsideration are present here. First, Judge Payson was aware that Plaintiffs reside in Bath and would need to arrange transportation to Rochester when she ordered Camilli to appear at the Rochester courthouse for her deposition. Like all litigants who choose to commence an action in this District, it is Plaintiffs' obligation to obtain transportation to Court-ordered appearances at the courthouse. In this instance, they have had over a month to make appropriate arrangements.

Second, the closure of the Maggs Law Office does not warrant cancellation of the Court-ordered deposition. Barclay Damon has represented that it will file the appropriate paperwork for substitution of counsel before the scheduled date and time for the deposition, and that it—as counsel for Martino—will be prepared to go forward. Plaintiffs may seek appropriate relief if these representations are not fulfilled, but on the current record the Court has no basis to cancel the scheduled deposition.

Finally, Plaintiffs' disagreement with Judge Payson's Decision and Order is not a basis for reconsideration. *See, e.g., R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 512 (S.D.N.Y. 2009) ("A party's fundamental disagreement with a court's legal analysis and conclusions as to a matter fully considered does not serve as sufficient

ground to warrant reconsideration of the court's decision."). Plaintiffs have not demonstrated that Judge Payson committed a legal error or overlooked dispositive facts, as opposed to rehashing arguments already raised and considered.

For all these reasons, Plaintiffs' request to cancel Camilli's deposition on January 17, 2025 (Dkt. 203), is denied. **Camilli's deposition remains scheduled for January 17, 2025, at 11:00 a.m. at the United States Courthouse, Courtroom 7, 100 State Street, Rochester, New York 14614. Should Camilli fail to appear as ordered, Martino may renew his motion for sanctions, including preclusion, as explained in Judge Payson's December 6, 2024 Decision and Order**. (*See* Dkt. 196 at 13).

SO ORDERED.

                                                       _____
                                                          COLLEEN D. HOLLAND
                                                      Unites States Magistrate Judge

DATED: January 16, 2025
          Rochester, NY