UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER M. MURPHY, *et al.*,

                                                    Plaintiffs,                Case # 18-CV-6628-FPG

v.                                                                           DECISION & ORDER

COUNTY OF CHEMUNG, *et al.*,

                                                    Defendants.
_____

On July 10, 2025, Magistrate Judge Holland issued a Decision & Order in which she (1) granted Defendants' motion to quash nine non-party subpoenas; (2) granted Defendants' motion for sanctions against Plaintiff Barbara Camilli; and (3) denied Plaintiffs' motion for reconsideration of a January 16, 2025 Decision & Order. ECF No. 232. Plaintiffs have now objected to Judge Holland's Decision & Order. ECF No. 233. For the reasons that follow, Plaintiffs' objections are OVERRULED.

Judge Holland's order pertains to nondispositive matters that this Court may reconsider only "where it [is] shown that the [] order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); *Whitney Lane Holdings, LLC v. Sgambettera & Assocs., P.C.*, No. 08-CV-2966, 2011 WL 4711882, at *1 (E.D.N.Y. Oct. 4, 2011). "Clear error is a highly deferential standard of review, and is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." *Parker v. Donnelly*, No. 21-CV-130, 2022 WL 4181571, *2 (N.D.N.Y. Sept. 13, 2022) (internal quotation marks omitted). The Court assesses each of Judge Holland's rulings in turn.

Judge Holland granted the motion to quash on the basis that Plaintiffs had served the subpoenas on the final day of fact discovery. Because the discovery demands could "only be

1

responded to after the [discovery] deadline," she deemed them untimely. ECF No. 232 at 12-13. Judge Holland then concluded that Plaintiffs had failed to show good cause for an extension of the deadline, inasmuch as they had long been aware "that they may have to subpoena documents from the City and County." *Id.* at 15.

Plaintiffs contend that the motion should not have been granted because Defendants did not have standing to object to the non-party subpoenas. *See* ECF No. 233-1 at 24. They also argue that Judge Holland should not have addressed whether good cause existed to extend the discovery deadlines, since they never requested that relief. *See id.* at 25. Plaintiffs' arguments do not entitle them to relief. Regardless of whether Defendants have standing, or whether Plaintiffs expressly requested an extension, Judge Holland retained her own authority to *sua sponte* quash the untimely subpoenas, *see* Fed. R. Civ. P. 26(b)(2)(C); *Revander v. Denman*, No. 00-CV-1810, 2004 WL 97693, at *1 (S.D.N.Y. Jan. 21, 2004), and extend (or decline to extend) the discovery deadlines, Fed. R. Civ. P. 16(b)(4), *Hadfield v. Newpage Corp.*, No. 14-CV-27, 2016 WL 427924, at *2 (W.D. Ky. Feb. 3, 2016). The findings and rulings set forth in the Decision & Order are reasonable factually and legally.

Plaintiffs next assert that the sanctions imposed by Judge Holland for Camilli's failure to appear for her deposition were clearly erroneous. *See generally* ECF No. 233-1 at 4-20. Having reviewed the record, the Court finds no basis to conclude that Judge Holland's rulings were clearly erroneous or contrary to law, and therefore Plaintiffs' objections to the sanctions order are overruled. Likewise, as to Plaintiffs' criticisms of Judge Holland's denial of their motion for reconsideration, a review of the record does not suggest that Judge Holland committed any error, let alone a clear one. *See id.* at 21-24.

Accordingly, Plaintiff's objections are OVERRULED. The Court schedules a status conference, to be held via telephone, on January 13, 2026 at 3:30 P.M. Call-in instructions will be sent to the parties separately. Both Plaintiffs—Christopher Murphy and Barbara Camilli—shall appear by telephone for the conference. **The Court hereby notifies Plaintiffs that their unexcused failure to appear by telephone at the conference may be treated as a failure to prosecute and/or a failure to comply with a court order, and may subject them to the sanction of dismissal of the action with prejudice. *See* Fed. R. Civ. P. 41(b).**

IT IS SO ORDERED.

Dated: November 19, 2025
      Rochester, New York

                                                                     HON. FRANK P. GERACI, JR.
                                                                      United States District Judge
                                                                      Western District of New York